
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JALEN EPPS, | No. 17-55413 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:16-cv-08221-SJO-SS |
| EARTH FARE, INC., a North Carolina corporation; DOES, 1-10, inclusive, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted October 12, 2018
Pasadena, California

Before: SCHROEDER and NGUYEN, Circuit Judges, and SIMON,** District Judge.

Jalen Epps appeals the district court's judgment dismissing her First

Amended Complaint for failure to state a claim for violations of the Telephone

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

Consumer Protections Act and California's Unfair Competition Law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Curry v. Yelp Inc.*, 875 F.3d 1219, 1224 (9th Cir. 2017).

Epps alleged that although she revoked her previous consent to receive text messages from Earth Fare, Earth Fare continued to text her in violation of the TCPA. On appeal, she contends that the district court erred in holding that she failed to allege that she made reasonable revocation requests as required by the statute.

The district court properly dismissed Epps' complaint after assessing the totality of the facts and circumstances surrounding Epps' communications with Earth Fare, including the messages detailed in the parties' text message log. *See In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7996 ¶ 64, n.233 (2015). In light of these facts and circumstances, including (1) the availability of a one-word opt-out procedure; (2) Epps' unexplained failure to use the one-word opt-out; and (3) Earth Fare's notice to Epps that it did not understand her non-standard messages, we agree with the district court that Epps failed plausibly to allege that she reasonably revoked her consent. Because this determination is dispositive, we do not need to decide

whether the district court erred in finding that Epps failed plausibly to allege use of an automatic telephone dialing system.

The district court also did not abuse its discretion in denying Epps leave to amend, because any amendment would have been futile. *See, e.g.*, *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).

ACA International's motion for leave to file an amicus curiae brief (Docket Entry No. 22) is granted. The Clerk shall file the amicus brief submitted December 28, 2017.

Epps' motions for judicial notice (Docket Entry Nos. 9 and 29) are granted.

**AFFIRMED.**